UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
FRANK LOPA and
ROSEMARY LOPA,

        Plaintiffs,

                    11-CV-2973(SJ) (VMS)

   v.

                     <u>ORDER ADOPTING</u>
FIREMAN'S FUND INSURANCE       <u>REPORT AND</u>
COMPANY,                 <u>RECOMMENDATION</u>

       Defendant.

-------------------------------------------------X

A P P E A R A N C E S

LAW OFFICES OF JERRY BROWN
201 West Lake Street, Suite 142
Chicago, IL 60606
By: Jerry Brown
*Attorney for Plaintiffs*

ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
By: John P. Malloy
   Benjamin B. Adams
*Attorney for Defendant*

JOHNSON, Senior District Judge,

   Plaintiff Frank Lopa and Rosemarie Lopa (collectively, "Plaintiffs" or "the Lopas") brought this action alleging breach of contract against Defendant Fireman's

1

Fund Insurance Company ("Defendant" or "Fireman's Fund") after a fire caused extensive damage to their residence.

Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), alleging failure to prosecute. The matter was referred to Magistrate Judge Vera M. Scanlon for a Report and Recommendation ("Report"). Judge Scanlon issued a Report on February 18, 2014, recommending: (1) Defendant's motion be denied without prejudice, (2) Plaintiffs be ordered to pay Defendant's reasonable attorneys' fees and costs in bringing this motion, or some portion thereof, and (3) Defendant be ordered to submit its time records concerning the present motion.

Following the issuance of the Report, Defendant made a timely objection to the Court on March 4, 2014. In its submission, Defendant objected to the Report insofar as Judge Scanlon recommended denying the Motion to Dismiss for Failure to Prosecute, without prejudice. Upon review of the parties' filings, the Report, and Defendant's objection, this Court adopts and affirms Judge Scanlon's Report in its entirety.

## **DISCUSSION**

I. **Applicable Law**

a. **Standard of Review**

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings

of fact and a recommendation as to the disposition of the motion.  See 28 U.S.C. § 636(b)(1).  Within 14 days of service of the recommendation, any party may file written objections to the magistrate's report.  See id.  If either party objects to the magistrate judge's recommendations, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  See id.; see also United States v. Tortora, 30 F.3d 334, 337 (2d Cir. 1994).  A de novo determination entails an independent review of all objections and responses to the magistrate's findings and recommendations.  See, e.g., Tortora, 30 F.3d at 337–38; cf. Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc., 973 F.2d 1033, 1045 (2d Cir. 1992).

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections may waive the right to appeal this Court's Order.  See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

### b. Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

However, dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." Storey v. O'Brien, 482 F. App'x. 647, 648 (2d Cir. 2012) (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)).

"Because the sanction of dismissal with prejudice has harsh consequences for clients, who may be blameless, we have instructed that it should be used only in extreme situations, . . . and even then only upon a finding of willfulness, bad faith, or reasonably serious fault." Drake, 375 F.3d at 254 (internal quotation marks and citations omitted). With respect to a pro se litigant, claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks omitted).

Although dismissal under Rule 41(b) lies within the discretion of the court, the Second Circuit has set forth five factors to be considered in determining whether dismissal is appropriate: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given notice that failure to comply or further delay would result in dismissal; (3) the defendant is likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion balanced against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. Drake, 375 F.3d at 254; Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999). No one factor is dispositive. Drake, 375 F.3d at 254.

## II. Application

Here, Defendant objects to Judge Scanlon's recommendation that its motion be denied without prejudice, and requests that the motion instead be granted and Plaintiffs' claims be dismissed with prejudice. Defendant argues that "Plaintiffs have repeatedly failed to comply with numerous orders of the Court compelling them, on pain of sanctions including dismissal, to either respond to discovery, communicate with counsel, or otherwise comply with court orders." (Def.'s Obj. to Report (Dkt. No. 54) at 1.) Defendant also argues that an "insubstantial document production" has "prejudiced its ability to fully defend itself." (Def.'s Obj. to Report (Dkt. No. 54) at 4.)

In the case at bar, after conducting a de novo review of the Report, the Court concludes that Magistrate Judge Scanlon's Report should be approved and adopted, for the reasons that follow. The parties were not experiencing any issues with respect to the conduct of discovery until Plaintiff's counsel moved to withdraw on January 12, 2012. After Plaintiffs' counsel withdrew, Plaintiffs proceeded pro se. (See Report at 4 n.1.) On March 26, 2013, Fireman's Fund filed its Motion to Dismiss. On April 4, 2013, Plaintiffs opposed the motion via letter, and indicated that they were experiencing a number of health issues that caused delays in the case. (Dkt. No. 43.) Plaintiffs later retained counsel in May of 2013 (Dkt. No. 38), and filed a full response to the motion soon thereafter. (Dkt. No. 44.)

Magistrate Judge Scanlon performed a detailed analysis of the five <u>Drake</u> factors, determining that the first two factors might tilt in favor of dismissal, but that the last three did not. As a result, she concluded that dismissal of the Plaintiffs' claims was not warranted at this time.

The Court recognizes Fireman's Fund's frustration; the nearly two year delays are significant. The Court, mindful that dismissal is an extreme remedy, agrees with Magistrate Judge Scanlon's balancing of the <u>Drake</u> factors, and agrees that monetary sanctions in the form of attorneys' fees are the appropriate remedy in light of the Circuit's preference for resolution on the merits. Accordingly, at the present time, the Court will not dismiss Plaintiffs' claims.

### III. Conclusion

In sum, upon review of Judge Scanlon's Report and Defendant's objections, and after reviewing <u>de novo</u> those portions of the record to which the objections were made, the Court adopts the Report and Recommendation and hereby denies Fireman Fund's Motion to Dismiss.

SO ORDERED.

DATED: March 31, 2014                _____/s/_____
       Brooklyn, New York                Sterling Johnson, Jr, U.S.D.J.