UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANK LOPA and ROSEMARIE LOPA,

Plaintiffs,

-against-

FIREMAN'S FUND INSURANCE COMPANY,

Defendant.

**REPORT AND RECOMMENDATION**

No. 11 Civ. 2973 (SJ) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

Presently before the Court is Defendant Fireman's Fund Insurance Company ("Defendant" or "Fireman's") motion for an award of attorneys' fees against Plaintiffs Frank Lopa ("Mr. Lopa") and Rosemarie Lopa ("Mrs. Lopa") (collectively, "Plaintiffs" or "the Lopas"). In this Court's report and recommendation on Defendant's motion to dismiss, which was subsequently adopted by the Honorable Sterling Johnson, Jr., this Court recommended, inter alia, that "Plaintiffs be ordered to pay Defendant's reasonable attorneys' fees and costs in bringing [the motion to dismiss], or some portion thereof." Lopa v. Fireman's Fund Ins. Co. ("Lopa I"), No. 11 Civ. 2973 (SJ) (VMS), 2014 WL 1311451, at *1 (E.D.N.Y. Feb. 18, 2014) (further stating that this Court would submit a report and recommendation to the District Judge on an appropriate award), report & recommendation adopted, No. 11 Civ. 2973 (SJ) (VMS), 2014 WL 1311531 (E.D.N.Y. Mar. 31, 2014). For the reasons stated herein, this Court respectfully recommends that Plaintiffs be ordered to pay to Defendant a monetary sanction of $4,081.75, which represents half of Defendant's attorneys' fees most directly related to the motion to dismiss.

## I. Background

As detailed in this Court's prior report and recommendation, Plaintiffs' dilatory conduct with regard to discovery inhibited the litigation of this case and unfairly burdened Defendant with the expense of bringing its motion to dismiss for failure to prosecute. Lopa I, 2014 WL 1311451, at *6. This unacceptable conduct included failing to comply with discovery orders or otherwise participate in discovery. See, e.g., Order, ECF No. 27 (setting a July 30, 2012 discovery deadline); Status Report, ECF No. 28 (Defendant's letter regarding Plaintiffs' noncompliance); Order, ECF No. 30 (requiring Plaintiffs to respond to all outstanding discovery demands by June 1, 2012); Letter, ECF No. 31 (Defendant's letter stating that Plaintiffs did not complete their document production by the deadline).

Thereafter, Defendant filed its motion to dismiss. Mot. to Dismiss, ECF No. 34. Plaintiffs, who had been representing themselves pro se after consenting to the withdrawal of their prior counsel, obtained new counsel in May 2013 and filed a memorandum in opposition to Defendant's motion. Pls.' Resp. to Def.'s Mot. to Dismiss, ECF No. 44. Defendant filed a reply to the opposition. Def's. Reply to Pls.' Resp. to Mot. to Dismiss, ECF No. 45. The Court was then able to work with the Parties to resolve several of their outstanding discovery disputes, which weighed against dismissal of the action. See Minute Entries dated Dec. 18, 2013, Jan. 22, 2014, Feb. 3, 2014; Orders dated Dec. 20, 2013, Jan. 22, 2014; Letters at ECF Nos. 46-47, 49-50; see also Lopa I, 2014 WL 1311451, at *5.

In recommending that the motion to dismiss be denied and that the Lopas instead pay a monetary sanction, this Court noted that dismissal would be particularly harsh as the Lopas had not yet been subjected to any sanction for their conduct. Lopa I, 2014 WL 1311451, at *6; see U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (requiring that the trial

court "adequately assess[] the efficacy of lesser sanctions" prior to ordering dismissal for a failure to prosecute); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (same); see also Devito v. SI Bank & Trust, No. 03 Civ. 3036 (CPS) (KAM), 2005 WL 1309047, at *6 (E.D.N.Y. May 31, 2005), report and recommendation adopted, No. 03 Civ. 3036 (CPS) (KAM), 2005 WL 1457669 (E.D.N.Y. June 17, 2005) (recommending that the defendants' motion to dismiss be denied, but that defendants be permitted leave to move for monetary sanction, "including but not limited to the reimbursement of defendants' costs and fees related to this motion").[1] The District Court agreed, stating that "monetary sanctions in the form of attorneys' fees are the appropriate remedy in light of the Circuit's preference for resolution on the merits." Lopa v. Fireman's Fund Ins. Co. ("Lopa II"), No. 11 Civ. 2973 (SJ) (VMS), 2014 WL 1311531, at *3 (E.D.N.Y. Mar. 31, 2014).

**II. Defendant's Motion For An Award Of Attorneys' Fees**

The District Court previously determined that although Plaintiffs' delay in prosecuting their case did not warrant dismissal under FRCP 41(b), their conduct warranted the lesser sanction of an award of attorneys' fees. See Lopa II, 2014 WL 1311531, at *3. This Court will now consider a recommendation as to the appropriate amount for a monetary sanction.

**A. The Legal Standard**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 37(b), a court may order a party "to pay the reasonable expenses, including attorneys' fees, caused by the [party's] failure" to comply with a court order concerning discovery. Fed. R. Civ. P. 37(b)(2)(C); see R.F.M.A.S., Inc. v. So, 271 F.R.D. 13, 22 (S.D.N.Y. 2010) (the court's power to impose sanctions for

[1] Nonetheless, this Court warned the Lopas that "[s]hould the Lopas continue to delay this litigation or fail to fully comply with Court orders, they will have demonstrated to the Court that lesser sanctions are ineffective, and the Court will consider harsher sanctions, including the dismissal of their claims." Lopa I, 2014 WL 1311451, at *7.

"sustained uncooperative behavior during discovery" stems from "both Rule 37 and the federal courts' inherent supervisory power"). The purpose of such sanctions is three-fold: "obtaining compliance with the Court's orders; ensuring that the disobedient party does not benefit from non-compliance; and providing a general deterrent in the particular case and litigation in general." 3801 Beach Channel, Inc. v. Shvartzman, No. 05 Civ. 207 (CBA) (JO), 2007 WL 879668, at *5 (E.D.N.Y. Mar. 21, 2007) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).

Of the variety of sanctions available to courts under Rule 37, attorney fee-shifting is considered a relatively moderate sanction. See R.F.M.A.S., Inc. v. So, 271 F.R.D. at 22 (listing the available sanctions in order of their severity). The prevailing method for determining such a fee award is the lodestar method, by which the court multiples a reasonable hourly rate by the reasonable number of hours expended. See Perdue v. Kenny A., 559 U.S. 542, 546, 551 (2010); see Metrokane, Inc. v. Built NY, Inc., No. 06 Civ. 14447 (LAK) (MHD), 2009 WL 637111, at *1 (S.D.N.Y. Mar. 6, 2009) ("The determination of an appropriate fee award under Rule 37 follows the general principles that guide such awards made under fee-shifting statutes."). In addition, "when imposing a monetary sanction upon a party, the issuing court should take into consideration the financial situation of the party to be sanctioned." Mahoney v. Yamaha Motor Corp. U.S.A., 290 F.R.D. 363, 371 (E.D.N.Y. 2013) (citing Sassower v. Field, 973 F.2d 75, 81 (2d Cir. 1992)).

**B. The Parties' Arguments**

Defendant contends that it incurred $20,748.26 in attorneys' fees due to Plaintiffs' obstructionist conduct during discovery and their noncompliance with Court orders, "which necessitated Fireman's Fund's motion to dismiss." Mot. for Attorneys' Fees ("Def. Mot.") 2,

ECF No. 63.[2] In support of its motion, Defendant submitted the declarations of its counsel, John P. Malloy ("Mr. Malloy") and Benjamin B. Adams ("Mr. Adams"), id. at Ex. A-B; a summary chart of all time billed by Defendant's counsel in this matter from May 2012 through March 2014, id. at Ex. C;[3] and copies of all invoices submitted to Defendant during the same time period, id. at Ex. D. As explained in its supporting documents, Defendant struck from its time chart "those costs and fees that are otherwise not directly related to either (1) counsel's time expended locating and pursuing the Plaintiffs to move the case forward; or (2) counsel's time expended in litigating its motion to dismiss for failure to prosecute." Id. at Ex. A ¶ 5.

In response, Plaintiffs argue that the requested amount includes time spent on issues that are "outside the scope of [Defendant's] Rule 41(c) Motion to Dismiss," such as time spent on status conferences with the Court and in opposition to Plaintiffs' motion to appoint counsel. Pl.'s Resp. to Def.'s Mot. ("Pl. Mem.") 2, ECF No. 67. Plaintiffs requests that Defendant's requested total be reduced by 14.9 hours. Id. at 3.

### C. The Court's Recommendation As To A Monetary Sanction

Having reviewed the Parties' submissions, this Court respectfully recommends that Plaintiffs be ordered to pay Defendant a monetary sanction of $4,081.75, which represents half of Defendant's attorneys' fees most directly related to the motion to dismiss.

---

[2] Defendant originally filed this motion at Docket No. 61, along with a motion for leave to file their billing records under seal. See Mot. for Leave to Electronically File Document Under Seal, ECF No. 62. Subsequently, Defendant publicly filed its motion and all of its supporting documents at Docket No. 63. Therefore, this Court finds the motions at Docket Nos. 61 and 62 to be withdrawn, and will enter an order on the docket to that effect.

[3] Discovery in this matter was stayed through April 30, 2012, so that Plaintiffs could seek new counsel. Order, ECF No. 25. After that date, Plaintiffs were required to proceed with discovery pro se, during which time Plaintiffs failed to comply with a Court order requiring them to "respond to all outstanding discovery demands" by June 1, 2012. Order, ECF No. 30. Defendant filed its motion to dismiss on March 26, 2013. Mot. to Dismiss, ECF No. 34. The motion was fully briefed as of June 7, 2013. Defs.' Reply to Resp. to Mot., ECF No. 45.

### 1. Defendant Proposes Reasonable Hourly Rates

As a preliminary matter, this Court must consider the hourly rates being requested by Mr. Malloy and Mr. Adams. A reasonable hourly rate is determined based on current market rates "for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); see Gagasoules v. MBF Leasing LLC, No. 08 Civ. 2409 (ADS) (ARL), 2013 WL 1760134, at *3 (E.D.N.Y. Apr. 24, 2013) (finding that hourly rates in this District range from $300.00 to $400.00 for partners, $200.00 to $300.00 for senior associates, and $100.00 to $200.00 for junior associates; collecting cases).

Here, Defendant requests that Mr. Malloy's time be compensated at a rate of $325.00 per hour and that Mr. Adams's time be compensated at a rate of $255.00 per hour. Although counsel did not describe their years of experience or other qualifications, the Court understands Mr. Malloy to be a partner at Robinson & Cole, LLP who focuses his practice on representing insurers and reinsurers. See John P. Malloy, Robinson & Cole, http://www.rc.com/people/JohnPMalloy.cfm#overview. The requested hourly rate of $325.00 for Mr. Malloy is well within the reasonable range for a partner litigating in this District.

The requested rate for Mr. Adams's time is also reasonable. Mr. Adams is an associate at Robinson & Cole, LLP with experience in the field of insurance coverage and bad faith litigation. See Benjamin B. Adams, Robinson & Cole, http://www.rc.com/people/BenjaminBAdams.cfm#overview. Mr. Adams has been admitted to practice law since at least 2005.[4] Having observed his role in this litigation, such as when he represented Defendant in conferences before this Court without Mr. Malloy being present, see Minute Entry, Dec. 19,

[4] According to the State of Connecticut Attorney/Firm Inquiry website, Mr. Adams was admitted to the Connecticut Bar on October 31, 2005. Attorney/Firm Inquiry, State of Connecticut Judicial Branch, http://www.jud.ct.gov/AttorneyFirmInquiry/AttorneyFirmInquiry.aspx (information obtained by entering Mr. Adams's name).

2013; Minute Entry, Feb. 3, 2014, the Court finds it appropriate that Mr. Adams be compensated at the rate of a senior associate. The requested rate of $255.00 per hour is therefore reasonable.

### 2. The Reasonable Hours Expended And Additional Considerations

This Court's recommendation on the motion to dismiss, which was subsequently adopted by the District Court, was for "Plaintiffs [to] be ordered to pay Defendant's reasonable attorneys' fees and costs in bringing [the motion to dismiss], or some portion thereof." Lopa I, 2014 WL 1311451, at *1. The purpose of such a sanction was not to broadly shift Defendant's attorneys' fees to Plaintiffs, but to fashion an appropriately narrow sanction that would promote Plaintiffs' compliance; to calculate the sanction, in part, based on the burden Plaintiffs had unfairly created for Defendant; and to keep the sanction within the Plaintiffs' financial means. See Mahoney, 290 F.R.D. 363, 371 (E.D.N.Y. 2013).

In calculating its requested fee of $20,748.26, Defendant included most of the hours its counsel expended on this matter since May 2012.[5] This Court is mindful that Plaintiffs' conduct was costly to Defendant. Indeed, Defendant expended many hours that it reasonably describes as related to either the motion to dismiss or the problems that necessitated that motion. For example, Defendant seeks to recover for its time spent drafting its requests to move to dismiss, status reports about discovery deficiencies and responses to Plaintiffs' motions for extensions. Def. Mot. Ex. C. While reimbursing Defendant for all of these types of legal work might help to make Defendant whole, such a large sum would create a new obstacle to Plaintiffs' ability to prosecute their claims, and would not serve the Court's primary purposes of promoting compliance, insuring Plaintiffs do not benefit from their noncompliance and deterring future bad behavior. 3801 Beach Channel, Inc., 2007 WL 879668, at *5.

[5] Defendant has not identified any costs, separate from its attorneys' fees, related to the motion to dismiss.

Thus, as previously recommended in the report of February 18, 2014, and as adopted by the District Court, the award of fees will be tied specifically to the motion to dismiss. Accordingly, the Court will recommend basing the monetary sanctions only on the hours most directly associated with the motion to dismiss: the hours spent researching, drafting and editing the motion papers, as well as the time spent attending the December 18, 2013 telephone conference, at which the motion to dismiss was discussed.[6] The Court calculates these activities to have taken 7.7 hours of Mr. Malloy's time and 22.2 hours of Mr. Adams's time. Counsel expended a reasonable number of hours on these activities, particularly as the majority of the work on this legally uncomplicated motion was completed by Mr. Adams, the junior attorney. Calculating Defendant's attorneys' fees using the hourly rates discussed supra, the attorneys' fees totaled $8,163.50.

This Court recommends further reducing this amount by half, to $4,081.75. See Tse v. UBS Fin. Servs., Inc., 568 F. Supp. 2d 274, 324 (S.D.N.Y. 2008) (in determining a sanction, reducing the reasonable attorneys' fees and costs by half to account for mitigating factors, including that the conduct "caused little if any prejudice to defendant at trial"); Burgie v. Euro Brokers, Inc., No. 05 Civ. 968 (CPS) (KAM), 2006 WL 845400, at *18 (E.D.N.Y. Mar. 30, 2006) (for purposes of a sanction, reducing the reasonable attorneys' fees by half where factors outside of the control of a noncompliant attorney were partly to blame), aff'd, No. 05 Civ. 0968 (CPS), 2007 WL 1704178 (E.D.N.Y. June 12, 2007); Former Employees of Tyco Elecs., Fiber

[6] This time includes hours spent on the motion to dismiss from January 3, 2013 to February 26, 2013 and 2.1 hours of the time spent on March 26, 2013. The Court calculates this time to total 7.1 hours spent by Mr. Malloy and 14.4 hours spent by Mr. Adams. In addition, the Court calculates the time spent on the reply brief to include time spent on May 28, 2013 through June 5, 2013, which included 0.6 hours of Mr. Malloy's time and 6.9 hours of Mr. Adams's time. Finally, the time spent preparing for and attending the December 18, 2013 telephone conference involved 0.9 hours of Mr. Adams's time.

Optics Div. v. U.S. Dep't of Labor, 27 C.I.T. 380, 388 (2003) (finding the requested amount of attorneys' fees to be reasonable, but reducing that amount by half for purposes of a sanction where the sanctionable conduct was not the result of bad faith or malice).

In this case, reducing the reasonable attorneys' fees by half reduction takes into account that—for purposes of the motion to dismiss—Plaintiffs' dilatory conduct was to some extent mitigated by Plaintiffs' pro se status during relevant periods; Mr. Lopa's serious medical conditions, which have been described in some detail to the Court, see Mot. to Appoint Counsel, ECF No. 36; see also Mot. for Extension of Time, ECF No. 56; Letter, ECF No. 60; Plaintiffs' successful efforts to obtain counsel; and subsequent progress in the discovery process when Plaintiffs allowed counsel to assist them in fulfilling their Court-ordered discovery obligations. See Lopa I, 2014 WL 1311451, at *5-6.[7] Additionally, there is no evidence that the Plaintiffs' conduct was motivated by any malice; rather, it appears from the record that Plaintiffs failed to appreciate the seriousness of their obligation to participate in discovery and the costs their conduct imposed on Defendant. Furthermore, Plaintiffs' noncompliance during discovery has hurt Plaintiffs rather than benefited them, as they squandered their time in which to identify and locate evidence that might support their claims.

The Court has taken into account Plaintiffs' allegations, as implied in their Complaint, as to their financial circumstances. See Mahoney, 290 F.R.D. at 372 (considering an attorney's law school debt when requiring that attorney to pay $3,500.00 of the $40,000.00 in legal fees and expenses that the defendant asserted it incurred as a result of the attorney's conduct). Specifically, Plaintiffs allege that they executed a contract with Defendant while under financial

[7] Although it now appears that Plaintiffs are again failing to comply with Court orders and have stopped communicating with their counsel, see Order to Show Cause, Apr. 9, 2014, the purpose of this motion is to determine a reasonable amount for a monetary sanction related to the conduct at issue on the motion to dismiss; Plaintiffs' more recent conduct will be considered separately.

duress, following fire damage to their home. Compl. ¶ 14; but see Answer ¶ 14. Although the Court cannot fully address Plaintiffs' ability to pay a sanction of $4,081.75 because Plaintiffs failed to submit any argument as to their financial circumstances, see generally Pl. Mem., the recommended amount appears to be within Plaintiffs' means. Plaintiffs have not disputed Defendant's contention that they own an eight-bedroom home in Staten Island, New York, which they rent for $1,177.00 per night, see Def.'s Mem. in Supp. of Mot. to Dismiss, Ex. B, ECF No. 35-2; and Plaintiffs or Plaintiffs' children have funded Plaintiffs' travel to Aruba and Seattle, see Order, ECF No. 25; Letter, ECF No. 43; Mot. for Extension of Time, ECF No. 56. Thus, the record reflects that a sanction of $4,081.75 will not be overly burdensome to Plaintiffs.

## III. CONCLUSION

The Court respectfully recommends that Plaintiffs be ordered to pay to Defendant, within thirty days of the District Court's order, a monetary sanction of $4,081.75, which represents half of the attorneys' fees most directly related to the motion to dismiss.

**IV. OBJECTIONS**

This report and recommendation will be filed electronically. Written objections to this report and recommendation must be filed within fourteen days of service and in accordance with the Individual Rules of the Honorable Sterling Johnson, Jr. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Dated: Brooklyn, New York
April 30, 2014

*Vera M. Scanlon*

VERA M. SCANLON
United States Magistrate Judge